■ In the Matter of Eastway Construction Corp., Respondent, v Anthony Gliedman, as Commissioner of New York City Department of Housing Preservation and Development, Appellant, and Harlem Urban Development Corporation, Respondent-Appellant. — Judgment, Supreme Court, New York County (Kirschenbaum, J.), entered September 30, 1981, which in a CPLR article 78 proceeding granted the petition, annulled respondent's determination disapproving petitioner as a possible contractor for a government-aided housing project, and directed respondent to consent to petitioner as general contractor upon such submission by the project's sponsor, unanimously reversed, on the law, without costs, and the petition is dismissed. In connection with a housing project which is to receive both Federal and municipal assistance, the project sponsor, Harlem Urban Development Corporation, inquired of respondent Commissioner of the New York City Department of Housing Preservation and Development (HPD) whether the petitioner would be accept-

able as a possible general contractor for the project. Respondent answered that petitioner was not acceptable because its principals have large arrears on previous loan commitments to the city. It appears that petitioner's principals had been affiliated with 13 limited partnerships and corporations which had defaulted on mortgages with an aggregate unpaid balance of $7,900,000, as well as on additional payments of approximtely $150,000 in real estate taxes and water and sewer charges. In this article 78 proceeding, petitioner sought annulment of this determination and a direction to respondent to consent to petitioner as a possible general contractor. Special Term granted the relief sought in a memorandum opinion that acknowledged respondent's authority to evaluate the suitability of general contractors in such projects, conceded that its refusal appeared reasonable, but concluded that it was arbitrary in light of recent approvals by respondent of petitioner as a contractor in similar projects. We disagree, and accordingly reverse the order appealed from and dismiss the petition. Whether or not petitioner should be disapproved as a general contractor for the reason stated in light of the claim that it has satisfactorily functioned as a general contractor for similar projects for some years presents a question of judgment for the responsible administrative agency. We are not persuaded that respondent's exercise of judgment was arbitrary or capricious. (Cf. *Matter of Kayfield Constr. Corp. v Morris,* 15 AD2d 373.) The fact that respondent in the recent past approved petitioner as a contractor for comparable projects does not require denial of respondent's right to re-evaluate its position and come to a different conclusion. Concur — Sandler, J. P., Ross, Carro and Silverman, JJ.